UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN, BX3065,<br><br>    Plaintiff,<br><br>    v.<br><br>PELICAN BAY TRANSPORTATION OFFICER, et al.,<br><br>    Defendant(s). | Case No. 25-cv-07288-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), has filed a pro se complaint under 42 U.S.C. § 1983 alleging that on June 24, 2025, while PBSP correctional officers were escorting him to San Joaquin General Hospital for the removal of a lipoma from his left forearm, he fell exiting the prison transportation van when the chain on his foot shackles "slid under" and "became stuck" on a "defective stripping on the floor of the van [that] had screws missing." ECF No. 1 (Compl.) at 3. Plaintiff alleges that the hard fall "bust[ed] my knee[]caps on the floor" and forced the "cuffs on my foot shackles . . . to engrave into the rear of my feet just above my heels." Id.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

The failure of prison officials to protect inmates from dangerous conditions while in custody violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837. Neither negligence nor gross negligence will do. See id. at 835-36 & n.4 (neither negligence nor gross negligence actionable under § 1983 in prison context).

Although regrettable, plaintiff's allegations that he sustained serious injuries from falling exiting a prison transportation van on June 24, 2025 because the chain on his foot shackles got stuck on a defective stripping on the floor of the van must be dismissed because the allegations amount to no more than a claim for negligence or gross negligence not actionable under § 1983 in the prison context. See id.; see also County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (negligence not actionable under § 1983 outside prison context). Plaintiff's suggestion that prison officials should have performed a better inspection of the van and that the escorting officers should have helped him out of the van illustrate that his claims sound in classic negligence or gross negligence, not deliberate indifference. A claim for negligence or gross negligence must be pursued in state court.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: November 14, 2025

_____
CHARLES R. BREYER
United States District Judge